UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

CASE NO.: 6:25-cv-1532

**TIMOTHY TYSON AND SYLVIA SAMAROO-TYSON,**

      **Plaintiffs.**

v.

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiffs Timothy Tyson and Sylvia Samaroo-Tyson (collectively, "Plaintiffs" or "the Tysons"), by and through undersigned counsel, brings this action against the Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar" or "Defendant"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of

RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, the Tysons seek the remedies provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Seminole County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, the Defendant was and is a Delaware company duly licensed to transact business in the State of Florida.

8. At all times material hereto, the Tysons owned and continue to own the subject property, which is in Seminole County, Florida with an address of 386 Cypress Knee Lane, Lake Mary, Florida 32746.

9. At some point in time prior to the violations alleged herein, the Defendant was hired to service a loan on the subject property.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXX6752.

## BACKGROUND AND GENERAL ALLEGATIONS

12. The Tysons issued a loan secured by their home for what was intended to be their family's primary residence. The Tysons executed a promissory note and mortgage. It is this loan that is now being serviced by the Defendant.

13. The Tysons were issued a Mortgage loan by USAA Federal Savings Bank on November 2, 2015.

14. Recently, the Tysons had questions regarding loan modification, the process for loan modification, why they have been unable to get a final loan

modification after being approved for several trial payment plans, and questions about fees accrued during the time of the default.

15. In the efforts to assist the Tysons, undersigned counsel sent a TILA Request and Request for Information under Regulation X ("RFI") to Defendant on May 5, 2025. A copy of the RFI is attached as Exhibit "A" to this Complaint.

16. The Tysons will not detail every request in the RFI in the body of this Complaint but incorporates Exhibit "A" into the Complaint.

17. The RFI specifically sought information directly related to why there were some unexplained fees and charges included in a reinstatement quote from Defendant to bring their loan current.

18. Despite receiving the RFI on May 8, 2025, Defendant completely failed to respond.

19. Based solely on Defendant's failure to respond to the RFI that was received on April 30, 2025, the Tysons' counsel sent a 10 Day Notice and Opportunity to Cure ("10 Day NOE") on June 25, 2025, reminding Defendant of its obligation to respond. A copy of the 10 Day NOE is attached as Exhibit "B" to this Complaint.

20. Defendant received the 10 Day NOE on June 30, 2025.

21. To date, Defendant has completely failed to respond to the RFI or the 10 Day NOE.

22. Without the explanations sought in the RFI, the Tysons have no way of knowing why they have been denied a final loan modification when they have been approved for several trial payment plans and unexplained charges and fees accrued during the time of the default.

23. The Defendant was required to provide a written response to the Tysons' RFI within thirty business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

24. There is no question that Defendant received the RFI and that Defendant has yet to provide a compliant response or even any response whatsoever.

25. The 10 Day NOE provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request. However, Defendant has still failed to comply.

26. Despite Plaintiffs' efforts, the Defendant has failed or refused to respond to the Tysons' RFI, contrary to 12 C.F.R. §1024.36(d)(2)(i)(B), in violation of RESPA.

## COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

27. The Tysons repeats, re-alleges and incorporates by reference paragraphs 7 through 26 against the Defendant.

28. Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer prohibitions**
**(1) In general**
   A servicer of a federally related mortgage shall not--

   \*\*\*\*

   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

<u>12 U.S.C. § 2605(k)</u>

29. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

30. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." <u>12 U.S.C. § 2617</u>.

31. Defendant's failure to respond to the Request for Information is a violation of federal Regulation X.

32. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

33. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

34. The Tysons have hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

35. The Tysons been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Tysons and other consumers like them. The threshold of the Defendant's violations stems from the failure to provide the information requested in the Request for Information. These injuries are also in the form of postage costs for sending Exhibit "B", emotional distress damages due to living with the uncertainty of whether the denials of a final loan modification are lawful, whether the default related fees that are being accumulated on the loan are lawful, worrying about whether the family home will be lost to foreclosure and how the servicing discrepancy occurred in the first place, and for wasting time having to consult with an attorney about Defendant's failure to respond.

36. Therefore, the Tysons' injuries result in part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual.

37. The Tysons are entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing the Tysons' 10 Day Notice (Exhibit "B") and (2) emotional distress . See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).  The Tysons have also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Tysons' concerns relating to their loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

38. The Tysons are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Timothy Tyson and Sylvia Samaroo-Tyson, respectfully asks this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in the Tysons' request for information with detail and specificity;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs Timothy Tyson and Sylvia Samaroo-Tyson hereby demand a trial by jury of all issues so triable.

Dated: August 12, 2025

Respectfully Submitted,

*/s/ Jennifer Simil*
Jennifer Simil, Esq.
FL Bar No.: 1018195
E-mail: jennifer@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Lead Attorney for Plaintiff*

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Attorney for Plaintiff*

*/s/ Jessica Krassner*
Jessica Krassner, Esq., LL.M.
FL Bar No.: 1000355
E-mail: jessica@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100

Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

***Attorney for Plaintiff***